Filed 4/6/16  P. v. Gravelle CA3

# <u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C079388 |
| Plaintiff and Respondent, | (Super. Ct. No. CM041883) |
| v. | |
| EDWARD LEROY GRAVELLE, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Edward Leroy Gravelle has asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

1

## BACKGROUND

Defendant was charged by criminal complaint with felony driving under the influence of alcohol (DUI) (Veh. Code, § 23152, subd. (a)--count 1), felony driving with a blood-alcohol content of 0.08 percent within 10 years of a prior felony DUI conviction (Veh. Code, § 23152, subd. (b)--count 2), and misdemeanor driving while the driving privilege is suspended or revoked for DUI (Veh. Code, § 14601.2, subd. (a)--count 3). The complaint alleged that, as to counts 1 and 2, defendant suffered two prior DUI convictions (Veh. Code, §§ 23550, 23550.5) and a prior prison term (Pen. Code, § 667.5, subd. (b)).[1] Thereafter, defendant was charged by information with charges and allegations identical to those in the previously filed complaint, plus seven additional prison priors. (§ 667.5, subd. (b).)

Defendant entered a negotiated plea of no contest to count 1 and admitted the two attendant prior DUI convictions and one prison prior in exchange for a stipulated sentence of four years and dismissal of the remaining charges and allegations against him pursuant to *People v. Harvey* (1979) 25 Cal.3d 754.

The parties stipulated to the following factual basis for the plea: On August 9, 2014, defendant was involved in "a single motorcycle traffic collision in the Skyway area in Butte County." Defendant, who "was found lying in a ditch on Skyway," stated "he was the driver and he was struck by a vehicle and ejected off of the motorcycle." However, he could not provide details regarding the vehicle that struck him, including what direction the vehicle was travelling. Defendant "had objective symptoms of alcohol; red, watery eyes; odor of alcohol on the breath." "He claimed he had consumed one beer; however, his PAS test was .10 [percent] and blood test was .11 [percent]." Defendant had sustained a prior felony DUI conviction.

---

[1] Further undesignated statutory references are to the Penal Code.

The trial court sentenced defendant to the upper term of three years for count 1 plus one year for the prison prior for an aggregate term of four years in state prison. The court imposed a $300 restitution fine (§ 1202.4, subd. (b)) and a $300 parole revocation restitution fine, stayed pending successful completion of parole (§ 1202.45), and stated, "For the DUI though I think it's appropriate to give the entire fine, which is $1956." The court's minute order also reflects a $1,956 fine, but attributes that fine to section 672.[2] The abstract of judgment reflects a $300 restitution fine (§ 1202.4, subd. (b)) and a $300 parole revocation restitution fine, stayed pending successful completion of parole (§ 1202.45), as well as an aggregate fine of $1,956 comprised as follows: a $465 fine (Veh. Code § 23530); a $93 court surcharge (§ 1465.7); a $235 state court facilities construction fund fee (Gov. Code § 70372, subd. (a)); a $470 state penalty assessment (§ 1464); a $47 DNA identification fund fee (Gov. Code § 76104.6); a $188 DNA identification fund fee (Gov. Code § 76104.7); a $329 county penalty assessment (Gov. Code § 76000); a $50 DUI program assessment (§ 1463.16); a $5 DMV fee (Veh. Code § 40508.6); a $4 EMAT fee (Gov. Code § 76000.10); a $40 court operations assessment (§ 1465.8); and a $30 conviction assessment (Gov. Code § 70373).

Defendant filed a timely notice of appeal. He neither requested nor obtained a certificate of probable cause.

---

[2] Section 672 provides: "Upon a conviction for any crime punishable by imprisonment in any jail or prison, in relation to which no fine is herein prescribed, the court may impose a fine on the offender not exceeding one thousand dollars ($1,000) in cases of misdemeanors or ten thousand dollars ($10,000) in cases of felonies, in addition to the imprisonment prescribed."

## DISCUSSION

Counsel filed an opening brief that sets forth the facts of the case and requests that we review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra,* 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days elapsed and we received no communication from defendant.

The trial court's *oral* pronouncement of judgment does not attribute the $1,956 fine to any particular statute, but instead adds a number of fines and fees together, characterizing the resulting amount as the "entire fine."  However, the abstract of judgment correctly categorizes and identifies the fees and other assessments and their statutory bases, which in the aggregate mirror the oral pronouncement.  If the trial court's oral pronouncement had--as the minute order incorrectly reflected--in fact pronounced the total amount of fines and fees as a lump sum imposed pursuant to section 672, we would have been compelled to find error.  Section 672 provides for a separate fine for violations stemming from statutes which do not include fine amounts.  It is not a vehicle for imposing all mandatory and permissive fines and fees which arise from separate statutes.

Because the appropriate fines, fees, and assessments are itemized and reflected in the abstract together with their correct statutory bases (which do not include section 672), and are consistent with the trial court's oral pronouncement of the aggregate amount, we see no error.  (See *People v. Sharret* (2011) 191 Cal.App.4th 859, 864; *People v. High* (2004) 119 Cal.App.4th 1192, 1200.)  We suggest that the trial court correct its internal records, including the minute order, to omit any reference to section 672 and to otherwise correctly identify the fines and fees as does the abstract of judgment.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

4

## DISPOSITION

The judgment is affirmed.

                                                                     /s/
                                                          Duarte, J.

We concur:

    /s/
Robie, Acting P. J.

    /s/
Mauro, J.